IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| HOLLIE K. WIGGINS and LARRY F. WIGGINS, JR., <br><br> Plaintiffs, <br><br> v. <br><br> BELK, INC., <br><br> Defendant. | Civil Action File No.: CV411-88 |

## BRIEF IN SUPPORT OF DEFENDANT BELK, INC.'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant Belk, Inc., and files this, its Brief in Support of its Motion for Summary Judgment against Plaintiffs on their Complaint, and shows this Honorable Court as follows:

### I. INTRODUCTION AND STATEMENT OF MATERIAL FACTS

Plaintiffs Hollie K. Wiggins ("Mrs. Wiggins") and Larry F. Wiggins, Jr. ("Mr. Wiggins") filed this premises liability action in the State Court of Chatham County on March 2, 2011.[1] The case was removed to this Court based on diversity

---

[1] See Complaint for Damages, a copy of which is attached hereto as Exhibit "A."

of citizenship.[2] The Parties have completed discovery, and Defendant Belk, Inc. now seeks judgment as a matter of law.

This premises liability case arises out of a slip and fall at the Belk store at Oglethorpe Mall in Savannah, Georgia.[3] The Complaint alleges that on December 26, 2009 Mrs. Wiggins entered the store for the purpose of returning an item in the lingerie section on the 2nd floor.[4] After making the return, she located her mother in another department, and they began making their way out of the store. Because the store was so crowded, they chose to walk down a narrow aisle filled with merchandise.[5] Mrs. Wiggins had difficulty navigating through the store due to the people, strollers and folding tables that had been put in the aisles to display Christmas merchandise. She "could barely get around them to get down the main aisle."[6]

They turned down a smaller aisle to get to the exit, and Mrs. Wiggins'

---

[2] See Notice of Removal, a copy of which is attached hereto as Exhibit "B."

[3] See Exhibit "A," p. 1, ¶¶ 2, 5

[4] Id.; See also, Deposition of Hollie K. Wiggins, p. 26, ll. 2-8; p. 35, ll., 23-25; p. 36, ll. 2-4.

[5] See, Deposition of Hollie K. Wiggins, p. 38, ll. 2-5 p. 39, ll. 7-25; p. 40, ll. 2-25; p. 41, ll. 2-10

[6] See, Deposition of Hollie K. Wiggins, p. 37, ll. 10-25

mother was walking to the right and about a half stride ahead of Mrs. Wiggins.[7] They could not walk side by side, because the aisle was too small.[8]

Mrs. Wiggins was not looking where she was going. Instead, she was looking at and touching the merchandise.[9] No one in the area was crowding or hurrying her.[10] As she neared the end of the aisle, she stepped on something, lost her balance and fell. She did not see what it was she stepped on, but she assumes it was an electrical outlet installed in the floor:

> Q: Do you know as a fact what the cause of your rolling of your ankle was?
>
> A: Yes.
>
> Q: How do you know?
>
> A: The change in elevation.
>
> Q: What do you mean the change in elevation?
>
> A: It was higher than the floor.
>
> Q: Okay. You felt that?

---

[7] See, Deposition of Hollie K. Wiggins, p. 41, ll. 15-21

[8] See, Deposition of Hollie K. Wiggins, p. 57, ll. 5-7

[9] See, Deposition of Hollie K. Wiggins, p. 46, ll. 6-9

[10] See, Deposition of Hollie K. Wiggins, p. 60., ll. 10-15

A: Yes.

Q: Okay. And in subsequent did you confirm or look to see?

A: Yes.

Q: Was there anything other than that electrical outlet where you - from the place where you rolled your ankle I think is the word you used?

A: No.

Q: Okay. Did you see the electrical device, the floor device, before you stepped on it?

A: No.[11]

The outlet was not hidden or camouflaged, but Mrs. Wiggins was walking so close to her mother that her mother would have obscured her view of the outlet even if she had been looking where she was walking.[12] Had Mrs. Wiggins not been walking so close behind her mother, she would have seen the outlet if she had looked down.[13] Prior to this incident, Belk had never been notified by anyone that

---

[11] See, Deposition of Hollie K. Wiggins, p. 116, ll. 8-25 and p. 117, l. 1

[12] See, Deposition of Hollie K. Wiggins, p. 124, ll. 9-24; p. 33, ll. 4-7

[13] See, Deposition of Hollie K. Wiggins, p. 125, ll. 12-19

this electrical outlet or any other electrical outlet in the store caused or contributed to a slip, trip or fall.[14]

## II. STANDARD FOR MOTION FOR SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide that a court shall grant summary judgment where the evidence presented shows that there is no genuine issue of material fact to be tried. F.R.C.P. 56(b). The plain language of Rule 56(b) mandates the entry of summary judgment...against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial. Celotex Corporation v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

There is no requirement that the moving party support its motion with evidence negating his opponent's claim; rather, the moving party need only show the absence of evidence to support the claim. Id. at 2553. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Burger King Corporation v. C.R. Weaver, 169 F.3d 1310, 1321 (11th Cir. 1999).

---

[14] See Deposition of Sanford W. Foskey, p. 45, ll. 23-25; p. 46, ll. 2-20.

Because Plaintiffs cannot point to evidence on which a jury could reasonably find in their favor, summary judgment is appropriate in this case.

## III. ARGUMENT AND CITATION OF AUTHORITY

In a premises liability case, "[the] true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitee to an *unreasonable risk* of harm. Recovery is allowed only when the proprietor had knowledge and the invitee did not." Emory Univ. v. Smith, 260 Ga. App. 900, 901, 581 S.E.2d 405 (2003) (emphasis in original); Parks-Nitezold v. JCPenney, Inc., 227 Ga. App. 724, 726, 490, S.E.2d 133, 135 (1977). Moreover, even if the proprietor is aware of a hazardous condition on the premises, when the plaintiff's ignorance of the condition results from her failure to exercise care for her own safety, the proprietor is not liable.

In the instant case, Plaintiffs have failed to prove that a hazardous condition existed or that Belk had superior knowledge of any condition which proximately caused Plaintiff's injuries. Additionally, the evidence demonstrates that Mrs. Wiggins failed to exercise care for her own safety and therefore is responsible for the injuries claimed. As such, Belk respectfully submits that it is entitled to judgment as a matter of law.

### A. Belk did not have superior knowledge of a hazard.

To recover under Georgia law, Plaintiffs must prove that Belk had superior knowledge of the hazard, i.e. that the allegedly dangerous electrical outlet was known to Belk and unknown to Mrs. Wiggins. Gootee v. Target Corp., 256 Fed. Appx. 253 (11th Cir. 2007). To the contrary, Plaintiffs have presented no evidence that the outlet was a hazard or that Belk had actual or constructive knowledge of it.

#### 1. A static condition is not a hazard.

The electrical outlet in question is a static condition, which "by definition, is simply one that does not change. Such a condition 'is not dangerous unless someone fails to observe it and steps into it.'" Poythress v. Savannah Airport Com'n, 229 Ga. App. 303, 494 S.E.2d 76 (1997), citing, MARTA v. Fife, 220 Ga. App. 298, 300(2), 469 S.E.2d 420 (1996). So long as nothing obstructs a customer's ability to see a static condition, it is not a hazard for which a customer may recover against a premises owner. Poythress v. Savannah Airport Com'n, 229 Ga. App. 303, 494 S.E.2d 76 (1997).

There is no question that the "hazard" in this case, a floor electrical outlet, is a "static" condition which is not dangerous unless and until one fails to observe it and trips over it. Metropolitan Atlanta Rapid Transit Authority v. Fife, 220 Ga. App. 298, 469 S.E.2d 420 (1996). Where, as here, nothing obstructs or interferes

with an invitee's ability to see a static defect, the premises owner or operator is justified in presuming its invitees will in fact see it and realize the risks involved. Metropolitan Atlanta Rapid Transit Authority v. Fife, 220 Ga. App. 298, 469 S.E.2d 420 (1996). Because the outlet was open, obvious and in plain view, it did not become a "hazard" until Mrs. Wiggins failed to observe it.

### 2. Belk did not have knowledge of a hazard.

Although Belk knew the electrical outlet existed, it had no knowledge the outlet was a "hazard." Plaintiffs contend that Belk had superior knowledge of a hazard because Belk negligently constructed and/or maintained the electrical outlet in its store.[15] Belk, however, neither constructed nor placed the outlet in the floor, so knowledge cannot be imputed to Belk. "Therefore, even assuming that the [outlet] itself suffered from a construction defect, because the evidence does not indicate that [Belk] actually constructed the [outlet], no presumption exists that [Belk] knew of the defect. Jones v. Wal-Mart Stores, Inc., 256 Fed. Appx. 292 (11th Cir. 2007).

Likewise, Belk had no notice or knowledge that the electrical outlet was a hazardous condition. As illustrated above, a static condition is not a "hazard" until someone fails to notice it and suffers injury as a result of his lack of due care.

---

[15] See Exhibit "A," p. 2, ¶5.

Prior to this incident, no one ever reported that the outlet was a dangerous condition or caused any slip, trip, fall or injury. Absent such evidence, Plaintiffs cannot establish this essential element of their claims.

B. **Plaintiff failed to exercise care for her own safety.**

Even assuming Belk had knowledge that the electrical outlet was a hazardous condition, Plaintiffs' claims still fail, as Mrs. Wiggins did not exercise care for her own safety. Ordinary care requires that one see and be aware of what is open and obvious, that is, to perceive that which would be obvious upon the ordinary use of one's senses. Stokes v. Peyton's, Inc., 526 F.2d 372 (Ga. 1976), citing Dvorak v. Holiday Inns of America, Inc., 429 F.2d 54 (5th Cir. 1970).

Mrs. Wiggins alleges she fell because she failed to see the electrical outlet even though it was plainly visible. According to Mrs. Wiggins, several factors contributed to her failure to notice this open and obvious condition. Specifically, she testified that: (1) the store was crowded; (2) the aisle down which she was walking was narrow; (3) she was distracted by merchandise in the aisle; and (4) her mother obstructed her view of the outlet. Although Mrs. Wiggins had actual knowledge of all of these conditions, she nevertheless decided to proceed through the aisle without watching where she was going.

Plaintiffs contend it was Belk's responsibility to warn Mrs. Wiggins of the

existence of the open and obvious electrical outlet. Under Georgia law, however, "[t]here should be no duty to warn of the perfectly obvious such as posting a sign on a stairwell that says 'These are steps....'" Gyles, Inc. v. Turner, 184 Ga. App. 376, 377, 361 S.E.2d 538 (1987). It is undisputed Mrs. Wiggins knew immediately upon entering the Belk store that it was crowded with people and merchandise. She was aware that the aisle down which she was walking was narrow and filled with merchandise. Despite this knowledge, Mrs. Wiggins proceeded through the aisle only a "half step" behind her mother while looking at and touching various merchandise and deliberately failing to watch where she was going.

A plaintiff who voluntarily exposes herself to danger is not entitled to recover in a premises liability case. Denham v. Young Men's Christian Ass'n and Youth Center of Thomasville, Inc., 231 Ga. App. 197, 499 S.E.2d 94 (1998). In Denham, the plaintiff fell when she tripped on the steps in a jacuzzi. She claimed the defendant was negligent for failing to warn its invitees that the unmarked steps posed a danger. Id. The Court dismissed the plaintiff's allegations, reiterating that one should not be required to warn of the obvious, and it held the absence of such a warning did not create a genuine issue of material fact. Id.

In this case, even assuming the outlet constituted a "hazard," the evidence is undisputed that Mrs. Wiggins voluntarily chose to walk down an unfamiliar aisle

that was crowded with people and merchandise, while fully aware that she could not see past her mother and could not see where she was stepping. "We can draw no other conclusion from these circumstances...but that [Plaintiff] knew of the substantial risk...and that [she] assumed this risk..." Bernath, et al. v. People Success, Inc., 274 Ga. App. 880, 619 S.E.2d 378 (2005). A plaintiff is charged with knowledge of defects which are "so transparently obvious that his failure to observe them cannot reasonably be excused." Wells v. Citizens & Southern Trust Company, et al., 199 Ga. App. 31, 403 S.E.2d 826 (1991); Oliver v. Complements, Ltd., 190 Ga. App. 30, 32, 378 S.E.2d 154 (1989).

The actual hazard in this case was not the outlet but was Mrs. Wiggins' failure to watch where she was going. "No minute inspection by [Defendant] would have revealed anything that she did not herself already know. The failure to use ordinary care for her own safety bars the plaintiff from recovery, even if it could be said that [Defendant], in control of the premises, was negligent" in maintaining the electrical outlet. Lee v Malone, 55 Ga. App. 821, 191 S.E.2d 494 (1937).

"This case is controlled by the plain view doctrine. '[O]ne is under a duty to look where he is walking and to see large objects in plain view which are at a location where they are customarily placed and expected to be; not performing this

11

duty may amount to a failure to exercise ordinary care for one's safety as would bar a recovery for resulting injuries. [Cits.]'" Wal-Mart Stores, Inc. v. Hester, 201 Ga. App. 478, 411, S.E.2d 507 (1991) citing, Stenhouse v. Winn Dixie Stores, 147 Ga. App. 473, 474-75, 249 S.E.2d 276 (1978).

Mrs. Wiggins admits that the electrical outlet was in plain view and was not camouflaged in any way. She further acknowledges that she could have seen it if her mother had not obscured it and if she had been looking. When an object is obvious and plainly visible, a Plaintiff "is under a duty to see it, and her failure to do so constitutes a lack of ordinary care for her own safety." Riggs v. Great Atlantic and Pacific Tea Company, Inc., 205 Ga. App. 608, 609, 423 S.E.2d 8, 9 (1992).

In Fife, *supra*, the plaintiff stepped off a curb at the MARTA station into an open and obvious drainage depression. The plaintiff argued the plain view doctrine did not apply because she was distracted by the door of the car she was entering and therefore did not see the drainage culvert prior to her fall. Id. The Court of Appeals pointed out that this evidence did not "show that the hazard was not in plain view, but, rather that she did not look down and see the hazard because she was looking at the car door." Id. at 300. In fact, as in the instant case, the pictures of the area revealed the depression was plainly visible to anyone standing

12

at the curb. The Court of Appeals therefore rejected the plaintiff's argument that the "plain view" doctrine did not apply and affirmed summary judgment for MARTA. Id.

In the instant case, it is undisputed that Mrs. Wiggins was not looking where she was going at the time of her fall, but after her fall she saw that the electrical outlet was obvious and in plain view. As explained in Fife, under these circumstances, Belk was under no duty to warn of the static condition that was in plain view. Moreover, any argument that she was "distracted" by merchandise does not save her case. "The proof offered clearly puts this case within the line of cases involving the 'plain view' doctrine and effectively eliminates any 'distraction' theory." Wal-Mart Stores, Inc. v. Hester, 201 Ga. App. 478, 411, S.E.2d 507 (1991), citing, Gray v. Alterman Real Estate Corp., 196 Ga. App. 239, 241, 396 S.E.2d 42 (1990).

### C. Mrs. Wiggins has failed to establish causation.

Plaintiffs' claims fail for the additional reason that they have not presented any evidence of causation, another essential element of Mrs. Wiggins' negligence claim. Specifically, Mrs. Wiggins has failed to show that any hazardous condition caused her fall. Mrs. Wiggins speculates that she tripped on the electrical outlet, but she did not see the outlet prior to her fall and only assumes it caused her fall

because she did not see anything else in the aisle. Id. Mrs. Wiggins admits, however, that she was following just a half step behind her mother and that her mother was obstructing her view of the outlet. Although she felt her foot step on something "raised," she cannot say with any certainty that the raised object was the outlet. It is therefore entirely possible that she stepped on the back of her mother's leg or shoe rather than the outlet, causing her to lose her balance and fall.

The state of the evidence shows that Mrs. Wiggins does not know what caused her fall, other than that she tripped and fell in the aisle. "Any other conclusion would be based on pure supposition." Papera v. Toc Retail, Inc., 218 Ga. App. 777, 463 S.E.2d 61 (1995). Because Plaintiffs have proven nothing more than the occurrence of the fall, they have failed to establish an essential element of their premises liability claim.

## IV. CONCLUSION

For the foregoing reasons Defendant Belk, Inc. respectfully requests that this Court grant its Motion for Summary Judgment and enter Judgment in its favor and against Plaintiffs in this case.

*(signature on next page)*

This 21st day of September, 2011.

Respectfully submitted,

OLIVER MANER, LLP

*/s/ Benjamin M. Perkins*

Benjamin M. Perkins
Georgia State Bar No.: 140997
*Attorneys for Defendant*
*(signed by Erica L. Morton with Benjamin M. Perkins' express permission)*

OLIVER MANER, LLP
218 West State Street
Savannah, Georgia 31412
Phone: (912) 236-3311

HICKS, CASEY & FOSTER, P.C.

*/s/ Erica L. Morton*

Erica L. Morton
Georgia State Bar No.: 140869
*Attorneys for Defendant*

*Admitted Pro Hac Vice*

HICKS, CASEY & FOSTER, P.C.
136 N. Fairground Street
Marietta, Georgia 30060
Phone: (770) 428-1000
Fax: (770) 428-4684

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| HOLLIE K. WIGGINS and LARRY F. WIGGINS, JR., <br><br> Plaintiffs, <br><br> v. <br><br> BELK, INC., <br><br> Defendant. | Civil Action File No.: CV411-88 |

## CERTIFICATE OF SERVICE

I certify that I have electronically filed this: *Brief in Support of Defendant Belk, Inc.'s Motion for Summary Judgment* with the Clerk of Court using the CM/ECF (Pacer) system which will automatically send email notification of such filing to the following attorneys of record:

Arnold C. Young, Esq.
HUNTER, MACLEAN, EXLEY & DUNN, P.C.
200 E. Saint Julian Street
P.O. Box 9848
Savannah, Georgia 31412-0048

*(signature on next page)*

This 21st day of September, 2011.

                            Respectfully submitted,

                            OLIVER MANER, LLP

                            */s/ Benjamin M. Perkins*
                            ―――――――――――――――
                            Benjamin M. Perkins
                            Georgia State Bar No.: 140997
                            *Attorneys for Defendant*
                            *(signed by Erica L. Morton with*
                            *Benjamin M. Perkins' express*
                            *permission)*

OLIVER MANER, LLP
218 West State Street
Savannah, Georgia 31412
Phone: (912) 236-3311

                            HICKS, CASEY & FOSTER, P.C.

                            */s/ Erica L. Morton*
                            ―――――――――――――――
                            Erica L. Morton
                            Georgia State Bar No.: 140869
                            *Attorneys for Defendant*

                            *Admitted Pro Hac Vice*

HICKS, CASEY & FOSTER, P.C.
136 N. Fairground Street
Marietta, Georgia 30060
Phone: (770) 428-1000
Fax: (770) 428-4684