Case Case 4:11-cv-00088-DGC  Document 19  Filed 04/04/04/11 Page Page 30 of 30

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

HOLLIE K. WIGGINS and LARRY F.
WIGGINS, JR.,

               Plaintiffs,

v.

BELK'S DEPARTMENT STORE OF
SAVANNAH, GA, INC.,

               Defendant.

Civil Action File No.: STCV1100507

---

### NOTICE OF REMOVAL

COMES NOW, Belk, Inc. (improperly named as Belk's Department Store of Savannah, GA, Inc.), Defendant in the above-styled case, and within the time prescribed by law, files this Notice of Removal, and respectfully shows to the Court the following facts:

1.

Plaintiffs Hollie K. Wiggins and Larry F. Wiggins filed suit against Belk, Inc. (improperly named as Belk's Department Store of Savannah, GA, Inc.), in the State Court of Chatham County, State of Georgia. This suit is styled as above and numbered Civil Action File No. STCV1100507 in that Court. In their Complaint

1



EXHIBIT
B

Case 4:11-cv-00088-BAE-GRS   Document 19   Filed 04/04/11   Page 2 of 30

for Damages, Plaintiffs seek a judgment against Belk in the amount of $380,000.00, collectively.

2.

The sole named Defendant, Belk, Inc. (improperly named as Belk's Department Store of Savannah, GA, Inc.), is a Delaware corporation. Belk, Inc. is not a citizen of the State of Georgia, was not a citizen of the State of Georgia on the date of filing of the aforementioned civil action, and has not since become a Georgia citizen.

3.

Upon information and belief, Plaintiffs Hollie K. Wiggins and Larry F. Wiggins, Jr. are residents of the State of Tennessee. Neither Plaintiff Hollie K. Wiggins nor Larry F. Wiggins, Jr. was a citizen of the State of Delaware on the date of filing of the aforementioned civil action, and neither has since become a Delaware citizen.

4.

As shown above, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5.

The aforementioned civil action is a civil action of which this Court has

2

Case 4:11-cv-00088-BAE-GRS   Document 1   Filed 04/01/11   Page 3 of 30

original jurisdiction under the provisions of 28 U.S.C. § 1332 and, accordingly, is one which may be removed to this Court by Defendant/Petitioner pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs, and is between citizens of different states.

6.

Belk, Inc. contends it has not yet been properly served with the Summons and Complaint; however, the docket of the State Court of Chatham County reflects a service date of March 3, 2011.   This Notice is filed within thirty days thereof pursuant to the requirements of 28 U.S.C. § 1446(b).

7.

Defendant has attached hereto copies of all process, pleadings and orders allegedly served upon it in this case, such copies being marked **Exhibit "A"**.  In addition, Defendant shows that it has already answered the lawsuit in the state court action referenced above and a copy of that Answer is attached hereto as **Exhibit "B"**.   There are no motions pending in the State Court of Chatham County, Georgia at the time of filing this Notice of Removal.

8.

Venue properly rests in the Savannah Division of the United States District

3

Court of the Southern District of Georgia, as this case is being removed from the State Court of Chatham County, Georgia, which sits in the Savannah Division of United States District Court for the Southern District of Georgia.  A Notice of Filing Notice of Removal to Federal Court will be filed with the State Court of Chatham County, Georgia.

WHEREFORE, Belk, Inc. prays that the case be removed to the United States District Court for the Southern District of Georgia, Savannah Division.

This _____ day of April, 2011.

Respectfully submitted,

OLIVER MANER, LLP

Benjamin M. Perkins
Georgia State Bar No.: 140997
*Attorneys for Defendant*

OLIVER MANER, LLP
218 West State Street
Savannah, Georgia 31412
Phone: (912) 236-3311

HICKS, CASEY & FOSTER, P.C.

Erica L. Morton
***(pending Pro Hac Vice admission)***
Georgia State Bar No.: 140869
*Attorneys for Defendant*

HICKS, CASEY & FOSTER, P.C.
136 N. Fairground Street
Marietta, Georgia 30060
Phone: (770) 428-1000
Fax: (770) 428-4684

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

HOLLIE K. WIGGINS and LARRY F. )
WIGGINS, Jr., )
)
    Plaintiff )
)
)
)
vs. )
) CIVIL ACTION NO.:
BELK'S DEPARTMENT STORE OF ) STCV1100507
SAVANNAH GA, INC. )
)
)
    Defendant. )

RECEIVED FILED
STATE COURT
CHATHAM

2011 MAR -2 AM 9: 58

## <u>SUMMONS</u>

TO:    Belk's Department Store of Savannah GA, Inc.
        Oglethorpe Mall
        7804 Abercorn St.
        Savannah, GA

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney whose name and address is

        Arnold C. Young
      Hunter Maclean Exley & Dunn, P.C.
        P.O. Box 9848
      Savannah, Georgia 31412

and answer to the Complaint which is herewith served upon you, within 30 days after service of the summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Served with the Complaint and Summons are Plaintiffs' First Interrogatories and First Request for Production of Documents.

    This 2 day of March, 2011.

                    Brian K. Hart
                    Clerk of State Court
                    CHATHAM COUNTY

                    By: _____

**EXHIBIT**

**A**

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

HOLLIE K. WIGGINS and LARRY F.
WIGGINS, Jr.,

    Plaintiffs

vs.

BELK'S DEPARTMENT STORE OF
SAVANNAH GA, INC.

    Defendant.

CIVIL ACTION NO.:
STCV1100507

## COMPLAINT FOR DAMAGES

Come now Hollie K. Wiggins and Larry F. Wiggins, Jr., and show the Court the following:

1.    Belk's Department Store of Savannah GA, Inc. (hereafter "Belk's") is a corporation incorporated under the laws of Georgia with its principal place of business in Savannah, Chatham County, Georgia, at Oglethorpe Mall and is subject to the jurisdiction of this Court.

2.    On December 26, 2009, Hollie K. Wiggins ("Hollie") was a customer at Belk's Department Store at Oglethorpe Mall, Savannah.

3.    Venue of this lawsuit is proper in this Court.

4.    Pursuant to O.C.G.A. § 51-31-1, as owner or occupier of Belk's Oglethorpe Mall store is liable to persons who are on such premises as shoppers or customers for injuries caused by Belk's failure to use ordinary care in keeping its premises safe.

5.    Hollie Wiggins was shopping on the Belk's premises, the second floor thereof, on December 26, 2009 and was there injured by reason of Belk's negligence in failing to keep its

- 1 -

premises safe by reason of placement of or in maintaining or both, of a raised floor electrical outlet.

6.      While walking in a carpeted area where customers were expected and intended to walk, Hollie Wiggins tripped on an electrical floor outlet that was substantially raised above the level of the carpeted area where she was walking and, as a result, she fell and sustained serious injuries, including fractured bones in the right foot/ankle.

7.      The sole and exclusive cause of Hollie tripping and the resultant injury was the negligence of Belk's in maintaining the raised outlet in a walk area in which it was expected and intended customers would walk, and which the electrical floor outlet created a "tripping" hazard.

8.      As a result of the incident referred to (tripping on the electrical device), Plaintiff Hollie Wiggins' ankle/foot was fractured and she incurred medical expenses exceeding $35,000.00.

9.      Further, as a result her injuries, Hollie Wiggins was entirely disabled from work for several months and remains partially disabled and for which she is entitled to damages.

10.     Hollie Wiggins, as a result of the injury described, has been and continues to be restricted in her personal activities and such incapacities will exist for her lifetime.

11.     Hollie Wiggins suffered and continues to have pain and suffering and inabilities to do work and activities which she enjoyed before the injury, and such pain, suffering and inabilities are permanent and are of both mind and body.

12.     Larry Wiggins, as husband of Hollie Wiggins, was and continued to be damaged by reason of the loss of companionship and services of his wife and for which he is entitled to be compensated.

- 2 -

890820-01 18363-1

03/09/2011 12:07 FAX

004

13.    The injury to Hollie Wiggins, together with all expenses, loss of income past and future, pain and suffering and the loss of consortium of Larry Wiggins were caused solely and exclusively by the negligence of Belk's and for which Belk's has sole responsibility.

WHEREFORE:

A.    Hollie Wiggins demands judgment from Belk's in the just amount of $300,000; and

B.    Larry Wiggins demands judgment from Belk's in an amount of $80,000; and

C.    Plaintiffs demand that all costs be cast upon Defendant.

This _2_ day of March, 2011.

HUNTER MACLEAN EXLEY & DUNN, P.C.

By _____
Arnold C. Young
Georgia Bar No. 781500
Attorney for Hollie K. Wiggins and
Larry F. Wiggins, Jr.

200 E. Saint Julian St.
P.O. Box 9848
Savannah, GA 31412-0048
912-236-0261
ayoung@huntermaclean.com

- 3 -

890820-01 18862-1

Case 4:11-cv-00088-BAE-GRS   Document 19   Filed 04/04/11   Page 10 of 30

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| HOLLIE K. WIGGINS and LARRY F. WIGGINS, Jr., | ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) ) CIVIL ACTION NO.: |
| BELK'S DEPARTMENT STORE OF SAVANNAH GA, INC. | ) STCV1100507 ) ) |
| Defendant. | ) |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT BELK'S DEPARTMENT STORE OF SAVANNAH GA, INC.

COMES NOW HOLLIE K. WIGGINS, ("Plaintiff"), Plaintiff herein, and propound these Interrogatories to Defendant Belk's Department Store of Savannah, Inc. ("Defendant" and sometimes "Belk's"). Pursuant to O.C.G.A. § 9-11-33, Defendant is required to answer Interrogatories separately and fully in writing under oath and to serve a copy of your answers upon counsel for the Plaintiff within forty-five (45) days after service of these Interrogatories on you in this action.

__NOTE A:__   The term "Belk's" when used without other descriptive words refers to the department store called Belk's and owned or operated by Belk's Department Store of Savannah GA, Inc., at Oglethorpe Mall, Savannah, Georgia.

__NOTE B:__   These Interrogatories shall be deemed continuing. Supplemental and amended responses are required to the full extent provided in O.C.G.A. § 9-11-26(e).

__NOTE C:__   The terms "subject incident," "accident," "collision" or similar terms mean the incident which occurred on December 26, 2009, when Plaintiff tripped on an electrical outlet located in the Defendant's place of business.

591834-01

Case 4:10-cv-00088-BAE-GRS   Document 19   Filed 04/01/11   Page 14 of 30



Exhibit A

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

HOLLIE K. WIGGINS and LARRY F. WIGGINS, Jr.,

     Plaintiffs

vs.

BELK'S DEPARTMENT STORE OF SAVANNAH GA, INC.

     Defendant.

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.:
STCV1100507

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT BELK'S DEPARTMENT STORE OF SAVANNAH GA, INC.

**COMES NOW HOLLIE K. WIGGINS,** ("Plaintiff"), Plaintiff herein, and propound these Interrogatories to Defendant Belk's Department Store of Savannah, Inc. ("Defendant" and sometimes "Belk's").  Pursuant to O.C.G.A. § 9-11-33, Defendant is required to answer Interrogatories separately and fully in writing under oath and to serve a copy of your answers upon counsel for the Plaintiff within forty-five (45) days after service of these Interrogatories on you in this action.

    <u>NOTE A:</u>    The term "Belk's" when used without other descriptive words refers to the department store called Belk's and owned or operated by Belk's Department Store of Savannah GA, Inc., at Oglethorpe Mall, Savannah, Georgia.

    <u>NOTE B:</u>    These Interrogatories shall be deemed continuing. Supplemental and amended responses are required to the full extent provided in O.C.G.A. § 9-11-26(e).

    <u>NOTE C:</u>    The terms "subject incident," "accident," "collision" or similar terms mean the incident which occurred on December 26, 2009, when Plaintiff tripped on an electrical outlet located in the Defendant's place of business.

891834-01

**NOTE D:**   The term "electrical floor outlet" as used in these Interrogatories and the Request to Produce served contemporaneously refers to electrical outlets that are installed through both carpet and/or through tile, with hinged coverings over female plug(s). Attached as Exhibit A is such a device which is installed in carpet. Included in the term "electrical floor outlet" are similar devices that are installed in tile or cement.

**NOTE E:**   The terms "you" or "your," or any synonym thereof, refers to the Defendant, his or her employees, agents, insurers, representatives, independent contractors, consultants, attorneys, and any other persons acting on his or her behalf.

**NOTE F:**   "Identify" means:

(a)   with respect to any "person" who is an individual, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last-known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b)   with respect to an institution, business, group or other organization, to provide the current or last-known complete name, address, and telephone number; and

(c)   with respect to any "document," to provide (irrespective of whether the document is subject to any claim privilege) the title or other means of identification of each such document, the date of each document, identify the author, the names of all recipients of each document and identify all persons who have custody, control, or possession of each such document or copies of it.

**NOTE G:**   If you claim privilege or non-discoverability as to any document or communication requested by these Interrogatories, specify the privilege claimed, the reason for the non-discoverability, the document, communication and/or answer as to which that claim is

2

Case 4:10-cv-00088-BAE-GRS Document 19 Filed 04/04/10 Page 14 of 30

made, the topic discussed in the document or communication, and the basis on which you assert that claim.

## INTERROGATORIES

1.    Please state the number of electrical outlets which are located in carpeted areas of the first and second floors of Belk's.

2.    Describe with specificity the locations of each electrical floor outlet on the second floor of Belk's; alternatively, please provide a drawing which identified each such location.

3.    Indentify with sufficient description to support a request for production of documents each incident report or other documentation by whatever name that provides information concerning injuries or alleged injuries to persons contended to have been the result of tripping on an electrical floor outlet at Belk's since January 1, 1995, or, if such are not available, for as far back as can be identified.

4.    Identify each and every claim for injury made by any person alleged to be caused by tripping on an electrical floor outlet at Belk's since January 1, 1990..

5.    State the name of each person employed by Belk's who on or within five (5) days after December 26, 2009, was aware of the fact of Plaintiff's injury.

6.    State the name of the persons employed by Belk's who spoke to and helped Plaintiff after she tripped and fell on December 26, 2009.

7.    Please describe each statement, memorandum or other document created by any employee of Belk's concerning the trip and fall of Plaintiff on December 26, 2009, as well as any written report or information provided by Plaintiff to Belk's.

8.    State the names, present addresses, and whether presently employed by Belk's as follows:

(a)    The Store Manager.

3

891824-01

(b)     The Assistant Store Managers;

(c)     The person who is charged with responsibility for safety of persons at Belk's, both employees and customers.

9.     State how and why the particular type of electrical floor outlet was selected for use.

10.     Describe fully the relationship between and among Belk's, and Risk Enterprise Management Limited, and Belk's, Inc.  (N.Y. Stock Exchange symbol BLKIA) insofar as response to injuries to persons on the premises of Belk's.

11.     Describe fully the relationship of Belk's and Belk, Inc. (N.Y. Stock Exchange Symbol BLKIA), including, without limitation, the control over Belk's operations that Belk, Inc. exercises.

12.     Please describe the relationship of Belk's with Belk Stores Insurance Reciprocal which is reflected in the records of the Georgia Secretary of State as a Foreign Insurance Company.

13.     For each person whom Defendant expects to call as an expert witness at the trial of the within matter, please state the following:

(a)     Give each person's office address and specialty, if any;

(b)     State the subject matter on which said persons are expected to testify;

(c)     State the substance of the facts and opinions to which such experts are expected to testify.

14.     State the location of every department store that uses the name "Belk's" that is a corporate part of or Belk's Department Store of Savannah, GA, Inc.  [NOTE: According to the Georgia Secretary of State, numerous corporations that utilize the "Belk's" name have been merged into Belk's Department Store of Savannah GA, Inc.]

4

89184-01

15.   State the name and address and title of the officers of Belk's Department Store of Savannah, GA, Inc.

16.   State the name and address and title of the person who has specific responsibility for safety of customers at Belk's.

17.   Please describe all manuals, pamphlets and other printed material in custody of Defendant which either require or recommend procedures for safety of customers at premises operated by Defendant, including, specifically, all such manuals, pamphlets and other printed materials provided by Belk's, Inc. (NYSE BLK'IA) or any of its subsidiaries or related entities to Belk's.

18.   Please describe with particularity the rules, procedures and reporting forms which Defendant uses or follows concerning procedures to be followed by Defendant in instances wherein customers are injured on the premises of Defendant.

19.   Please provide the name(s) or title(s) of each manual, pamphlet or directive in possession of Defendant that prescribes either or both safety procedures and practices to be followed at Defendant's premises which relate to safety of persons, employees, vendors and customers.

This ___ day of March, 2011.

HUNTER MACLEAN EXLEY & DUNN, P.C.

By _____
Arnold C. Young
Georgia Bar No. 781500
Attorney for Hollie K. Wiggins

5

891834-01

Case 4:11-cv-00088-BAE-GRS   Document 19   Filed 04/04/11   Page 17 of 30

200 E. Saint Julian St.
P.O. Box 9848
Savannah, GA 31412-0048
912-236-0261
ayoung@buntermaclean.com

6

591834-01

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

HOLLIE K. WIGGINS and LARRY F.
WIGGINS, Jr.,

    Plaintiffs

vs.

BELK'S DEPARTMENT STORE OF
SAVANNAH GA, INC.

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.:
STCV1100507

RECEIVED FOR [...]
STATE COURT [...]
CHATHAM [...]
2011 MAR -2 AM 9:58

<u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT BELK'S DEPARTMENT STORE
OF SAVANNAH, GA, INC.</u>

    COMES NOW HOLLIE K. WIGGINS ("Plaintiff"), Plaintiff herein, through counsel, and files this Request for Production of Documents to Defendant BELK'S DEPARTMENT STORE OF SAVANNAH GA, INC. ("Defendant" and sometimes "Belk's"). Pursuant to O.C.G.A. § 9-11-34, Defendant is required to comply with these Code sections by producing and permitting Plaintiff's attorneys to inspect and copy each of the following documents within forty-five (45) days after service of this Request in this action.

DEFINITIONS

    As used herein, the terms listed below are defined as follows:

    A.    "Person" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

    B.    "Document" means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control (including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, reports,

publications, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, diagrams, plans, specifications, work orders, inspections, quality control records, etc.); every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

      C.    The terms "subject incident," "accident," or similar terms mean the incident which occurred on December 26, 2009, when Plaintiff Hollie K. Wiggins tripped on an electrical outlet in Belk's Department Store of Savannah, Georgia, Inc.

      D.    "Electrical floor outlet" is as described in "Note D" to Plaintiff's First Interrogatories and including Exhibit A thereto.

      E.    "Belk's" refers to the department store at Oglethorpe Mall, Savannah, Georgia, owned and/or operated by Belk's Department Store of Savannah, GA Inc.

      F.    If you claim privilege or non-discoverability as to any document or communication requested by these Requests, specify the privilege claimed, the reason for the non-discoverability, the document, communication and/or answer as to which that claim is made, the topic discussed in the document or communication, and the basis on which you assert that claim.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

      1.    Each and every document described or referred to in your response to the First Continuing Interrogatories served contemporaneously herewith.

      2.    Please produce copies the incident (or document by whatever name) that was made by employees of Belk's that concerns the injury to Plaintiff on December 26, 2009.

      3.    All statements made and all photographs made by employees of Belk's concerning the trip and fall incident involving Plaintiff.

2

891845-01

Case 4:11-cv-00088-BAE-GRS   Document 19   Filed 04/04/11   Page 20 of 30

contemporaneously herewith in addition to documents and things requested by other of these

Requests for Production.

This 2nd day of March, 2011.

HUNTER MACLEAN EXLEY & DUNN, P.C.

By _____

Arnold C. Young
Georgia Bar No. 781500
Attorney for Hollie K. Wiggins

200 E. Saint Julian St.
P.O. Box 9848
Savannah, GA 31412-0048
912-236-0261
ayoung@huntermaclean.com

4

## RULE 3.2 CERTIFICATION AND STANDING ORDER NOTICE

Pursuant to rule 3.2 and 3.4 of the Uniform Superior Court Rules, I hereby certify that:

[ √ ] no case had heretofore been filed in the State Court or Superior Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter of substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

OR

[ ] this petition-pleading involves substantially the same parties or substantially the same subject matter or substantially the same factual issues as in case No. _____

_____ (Plaintiff) vs. _____ (Defendant)

THIS 2st DAY OF March, 2011.

_____
Arnold C. Young, Attorney for Plaintiff.

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

HOLLIE K. WIGGINS and LARRY F.
WIGGINS, JR.,

                Plaintiffs,

v.

BELK'S DEPARTMENT STORE OF
SAVANNAH, GA, INC.,

                Defendant.

Civil Action File No.: STCV1100507

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES

COMES NOW Defendant, Belk, Inc. (improperly named as Belk's Department Store of Savannah, GA, Inc.) and files this Answer and Defenses to Plaintiffs' Complaint for Damages and shows this Honorable Court as follows:

### FIRST DEFENSE

Belk's Department Store of Savannah, GA, Inc. is not a valid, existing legal entity subject to suit.

### SECOND DEFENSE

Belk's Department Store of Savannah, GA, Inc. is not a proper party to this action.

### THIRD DEFENSE

Plaintiffs' Complaint should be dismissed for lack of jurisdiction over the person of Defendant.

```
EXHIBIT
   B
```

## FOURTH DEFENSE

Plaintiffs' Complaint should be dismissed for insufficiency of process and service of process.

## FIFTH DEFENSE

Defendant is not liable to Plaintiffs because it breached no duty owed to Plaintiffs as alleged in the Complaint for Damages or otherwise.

## SIXTH DEFENSE

No act or omission on the part of Defendant was the proximate cause of the injuries or damages sought by way of Plaintiffs' Complaint for Damages or otherwise.

## SEVENTH DEFENSE

Plaintiffs are not entitled to recover from Defendant because Plaintiff Hollie Wiggins' knowledge of the alleged hazard was at least equal to any knowledge of Defendant.

## EIGHTH DEFENSE

To the extent that any hazardous condition existed on the premises of Defendant, such condition was open and obvious to Plaintiff Hollie Wiggins and therefore Plaintiffs' recovery is barred.

## NINTH DEFENSE

Plaintiffs' Complaint for Damages fails to itemize special damages as required by O.C.G.A. § 9-11-9(g).

2

## TENTH DEFENSE

To the extent the damages sought by way of Plaintiffs' Complaint for Damages were solely the result of Plaintiff Hollie Wiggins' negligence, Plaintiffs' recovery against Defendant is barred.

## ELEVENTH DEFENSE

To the extent the damages sought by way of Plaintiffs' Complaint for Damages were the result of Plaintiff Hollie Wiggins' comparative negligence, Plaintiffs' recovery against Defendant is barred or should be reduced by the proportion of her negligence.

Without waiving any of the foregoing defenses and incorporating each as if set forth herein verbatim, Defendant responds to the allegations contained in Plaintiffs' Complaint for Damages as follows:

### 1.

Defendant denies the allegations contained in Paragraph 1 of Plaintiffs' Complaint for Damages.

### 2.

Defendant denies, as pled, the allegations contained in Paragraph 2 of Plaintiffs' Complaint for Damages.

### 3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint for Damages.

4.

Defendant denies, as pled, the allegations contained in Paragraph 4 of Plaintiffs' Complaint for Damages.

5.

Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' Complaint for Damages.

6.

Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint for Damages and therefore cannot admit or deny same.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint for Damages.

8.

Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint for Damages and therefore cannot admit or deny same; however, Defendant expressly denies any liability for injuries or damages to either Plaintiff.

9.

Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint

Case 4:10-cv-00085-BAE-GRS   Document 19   Filed 04/04/11   Page 26 of 30

for Damages and therefore cannot admit or deny same; however, Defendant expressly denies any liability for injuries or damages to either Plaintiff.

10.

Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint for Damages and therefore cannot admit or deny same; however, Defendant expressly denies any liability for injuries or damages to either Plaintiff.

·11.

Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint for Damages and therefore cannot admit or deny same; however, Defendant expressly denies any liability for injuries or damages to either Plaintiff.

12.

Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint for Damages and therefore cannot admit or deny same; however, Defendant expressly denies any liability for injuries or damages to either Plaintiff.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint for Damages.

Defendant denies the allegations set forth in Plaintiffs' *ad damnum* and all subparts thereof.

5

Any allegations contained in Plaintiffs' Complaint for Damages not herein responded to by number are hereby denied.

**WHEREFORE,** Defendants pray that they be discharged without liability and that all costs of this action be cast against Plaintiffs.

**Defendants Demand a Trial by Jury.**

This 1st day of April, 2011.

Respectfully submitted,

HICKS, CASEY & FOSTER, P.C.

William T. Casey, Jr.
Georgia State Bar No.: 115610
Erica L. Morton
Georgia State Bar No.: 140869
*Attorneys for Defendant*

HICKS, CASEY & FOSTER, P.C.
136 N. Fairground Street, N.E.
Marietta, Georgia 30060-1533
(770) 428-1000
(770) 428-4684 – facsimile

6

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

HOLLIE K. WIGGINS and LARRY F.
WIGGINS, JR.,

          Plaintiffs,

v.

BELK'S DEPARTMENT STORE OF
SAVANNAH, GA, INC.,

          Defendant.

Civil Action File No.: STCV1100507

---

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Defendant's Answers and Defenses to Plaintiffs' Complaint for Damages* upon all parties to this matter by depositing a true copy of same in the United States Mail, proper postage prepaid, addressed to counsel of record as follows:

Arnold C. Young, Esq.
HUNTER, MACLEAN, EXLEY & DUNN, P.C.
200 E. Saint Julian Street
P.O. Box 9848
Savannah, Georgia 31412-0048

This 1st day of April, 2011.

Respectfully submitted,

HICKS, CASEY & FOSTER, P.C.

_____
Erica L. Morton
Georgia State Bar No.: 140869
*Attorney for Defendant*

HICKS, CASEY & FOSTER, P.C.
136 N. Fairground Street, N.E.
Marietta, Georgia 30060-1533
(770) 428-1000 / (770) 428-4684 – fax

Case 4:11-cv-00088-BAE-GRS   Document 19   Filed 04/04/11   Page 29 of 30

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| HOLLIE K. WIGGINS and LARRY F. WIGGINS, JR., | |
| Plaintiffs, | |
| v. | Civil Action File No.: STCV1100507 |
| BELK'S DEPARTMENT STORE OF SAVANNAH, GA, INC., | |
| Defendant. | |

### <u>CERTIFICATE OF SERVICE</u>

I certify that I have electronically filed this *Notice of Removal* with the Clerk of

Court using the CM/ECF (Pacer) system which will automatically send email notification

of such filing to the following attorneys of record:

Arnold C. Young, Esq.
HUNTER, MACLEAN, EXLEY & DUNN, P.C.
200 E. Saint Julian Street
P.O. Box 9848
Savannah, Georgia 31412-0048

*(signature on next page)*

6

This 4th day of April, 2011.

                        Respectfully submitted,

                        OLIVER MANER, LLP

                        Benjamin M. Perkins
                        Georgia State Bar No.: 140997
                        *Attorneys for Defendant*

OLIVER MANER, LLP
218 West State Street
Savannah, Georgia 31412
Phone: (912) 236-3311

                        HICKS, CASEY & FOSTER, P.C.

                        Erica L. Morton
                        *(pending Pro Hac Vice admission)*
                        Georgia State Bar No.: 140869
                        *Attorneys for Defendant*

HICKS, CASEY & FOSTER, P.C.
136 N. Fairground Street
Marietta, Georgia 30060
Phone: (770) 428-1000
Fax: (770) 428-4684