# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| HOLLIE K. WIGGINS and<br>LARRY F. WIGGINS, JR.,<br><br>   Plaintiffs,<br><br>v.<br><br>BELK, INC.<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action File No.:<br>) 4:11-CV-00088-BAE-GRS<br>)<br>)<br>) |

## CONSOLIDATED PRETRIAL ORDER

In the order dated January 31, 2012, the Court directed the parties to submit a Consolidated Pretrial Order identifying the remaining issues and discovery needs relating to those issues.

The following claim remains pending:

(1) All claims against Defendant remain pending, including but not limited to claims for personal injury, pain and suffering, and loss of consortium.

The following conforms to the Court's prescribed form of Consolidated Pretrial Order.

**1. Counsel are encouraged to discuss and agree on every possible factual stipulation. The stipulations must be reduced to writing, signed and filed with the consolidated proposed pretrial order as ATTACHMENT "A" hereto. Stipulations can spare witness testimony, trial time, and expense. If a party feels the other side is in bad faith refusing to stipulate, they shall set forth "proposed stipulations" on ATTACHMENT "A". Costs of proving what, at trial, was never really disputed and what should have been stipulated may be taxed against the offending party and attorney. Those costs may include witness fees and additional attorney preparation time costs.**

**2. As ATTACHMENT "B" to the proposed pretrial order, the parties may, but are not required to, submit questions which they desire the Court to propound to jurors**

**concerning their legal qualifications to serve and any other questions they wish propounded for information purposes. If the parties choose to submit general voir dire questions hereunder, they may submit the questions jointly as one attachment or separately as ATTACHMENTS "B-1" and "B-2."[1]**

The parties request to supplement the list as needed and to ask Jurors' questions directly as needful.

3.  **State the names of all parties, firms and attorneys to be used in qualifying the jury. State the name of any insurance company involved, and whether it is a stock or mutual company. State the names of all counsel who are members of any firm involved on a contingent fee basis. At the pretrial conference, counsel may be required to disclose policy limits and details of any insurance coverage.**

| | |
|---|---|
| Plaintiffs | Hollie K. Wiggins and Larry F. Wiggins, Jr. |
| Counsel for Plaintiffs: | Arnold C. Young |
| | Allan C. Galis |
| | Hunter, Maclean, Exley & Dunn, P.C. |
| Defendant: | Belk, Inc. |
| Counsel for Defendant: | William T. Casey |
| | Erica L. Morton |
| | Hicks, Casey & Foster, P.C. |

Plaintiffs have a contingent fee contract with Hunter, MacLean, Exley & Dunn, P.C. The jury will be qualified as to Plaintiffs Hollie K. Wiggins and Larry F. Wiggins, Jr. and their counsel, Hunter, MacLean, Exley & Dunn, P.C., and Arnold C. Young, Esq. The jury should also be qualified as to Defendant Belk, Inc. and Zurich American Insurance Company (stock company).

4.  **Identify the basis upon which the jurisdiction of this Court is based and any questions relating to its jurisdiction.**

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. This Court's jurisdiction is not disputed by the parties.

5.  **List any motions or other matters in the case which remain unresolved. Any motion not so enumerated shall be deemed withdrawn by the moving party.**

---

[1] The Court will require that each juror stand and give personal background information (name, address, employment, spouse's employment, etc.) and such questions need not be included. The Court will propound questions concerning legal qualifications.

There are no motions pending before the Court. The parties will file evidentiary objections and motions in limine, as necessary.

6. **All discovery is to be completed pursuant to the Local Rules. The date of the conclusion of the discovery process and the expected completion of any untranscribed deposition shall be stated.**

All discovery was completed pursuant to the Local Rules and the period within which to do expired on August 22, 2011. The video trial deposition of treating physician Dr. Jeffrey Willers is noticed for February 29, 2012 with transcription as soon as practicable.

7. **State whether the names of the parties in the above-captioned case(s) are complete and correct and whether there is any question of misjoinder or non-joinder.**

The names of the parties in the above-captioned case are complete and correct. There are no issues of misjoinder or non-joinder in this case.

8. **Outline of Plaintiffs' case.**

**NOTE: PLAINTIFF(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH. AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

**Plaintiff(s) shall furnish a <u>short</u>, <u>succinct</u>, factual and narrative statement of the cause of action. This statement should not be argumentative and should not recite evidence. In no event shall the statement be more than one page.**

The day after Christmas, 2009, Hollie K. Wiggins and her mother, Margaret Knox, visited Belk Department Store at Oglethorpe Mall to return Christmas gift items. The store was crowded and filled with merchandise displays as would be expected on that day. After return of the items, Hollie Wiggins and her mother attempted to leave the store, walking through the Linen Department because the main aisles were extremely crowded. The area they were walking in was lined with merchandise displays. As Hollie walked, she looked at displayed merchandise, considering using her store credit to purchase some merchandise. While walking in the carpeted aisle immediately behind her mother, Hollie stepped on a raised electrical box and twisted or rolled her right ankle and foot. She fell into her mother and saw the electrical box immediately after she fell which was the cause of her fall. She did not and could not see the electrical box before she stepped on it. Hollie had not been at Belk in almost 20 years and was not aware of the electrical box.

The raised electrical box that caused her to fall was round and more than one-half inch (0.5") above the carpeted floor. Similar electrical devices are common, but they are customarily level or nearly level with the walking surface so as not to create a trip hazard. Belk knew that the raised box was there and knew or should have known it was a tripping hazard. Under Georgia law, a business operator has an obligation to use due care to keep its premises safe for

customers, and Belk failed to do that. Building safety codes require that any device that is more than one-half inch (0.5") above the walking surface have special treatment to avoid being a hazard. The electrical box was a hazard that Belk maintained. Hollie's injury was caused by the negligence of Belk.

Immediately after Hollie fell, a Belk's employee came and helped her into a wheel chair and helped her to the car. Hollie and her family went back home to Tennessee and promptly went to the orthopedic surgeon. Surgery was performed on her within several days in an effort to repair the ankle injuries.

Hollie was totally disabled for several months and continued to miss work for a lengthy period. She continues to have disability and continuing pain to her foot and ankle. The medical expense incurred is $38,570.50 and her and her husband's lost time and other expenses were $4,356.75 for amount of actual expenses of $42,927.25.

9. **Outline of Defendant(s)'case.**

**NOTE:** **DEFENDANT(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH. AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

**Defendant(s) shall:**

**(a) Furnish a short, succinct, factual and narrative statement as to all defenses (general and special). This statement should not be argumentative and should not recite evidence. In no event shall the statement be more than one page.**

Ms. Wiggins admits she did not see what it was she stepped on but assumes it was an electrical outlet installed in the floor. Belk has never been notified by anyone that this or any outlet in the store has caused anyone to trip or fall.

Belk contends that the floor outlet on which Plaintiff Hollie Wiggins says she rolled her ankle did not present an unreasonable risk of harm or violate any building or life safety codes. Ms. Wiggins admits she was not looking where she was going. Instead, she was looking at and touching merchandise. Under the law, Plaintiff has a duty to exercise ordinary care for her own safety. The floor outlet is open and obvious and was clearly visible to Ms. Wiggins. The outlet was not hidden or camouflaged. Ms. Wiggins' mother was walking directly ahead of her. Had she not been walking so close to her mother, Ms. Wiggins would have seen the outlet, and she could have avoided it had she exercised ordinary care for her own safety. Furthermore, Belk contends Hollie Wiggins had an ankle problem before rolling her ankle at Belk and in fact had surgery to her other ankle years before the incident at Belk. For these reasons, Plaintiffs are not entitled to recover damages against Belk in any amount.

**(b)    In all actions involving a counterclaim, cross-claim, or third-party action, defendant(s) should summarize the matter, using the outline required as to the main claim.**

N/A

10.    **In all cases in which violation of the United States Constitution or a federal or state statute or regulation is alleged, the party making such claim shall specifically state the constitutional provision and/or statute allegedly violated and the specific facts on which such alleged violation is based. The party shall detail the damage or relief sought pursuant to such claim and recite supporting authority.**

1.   O.C.G.A. § 51-3-1 which places an obligation upon owners or operators of premises to use due care to keep their customers (invitees) safe.  Belk failed to fulfill its statutory duty by permitting the trip hazard to be maintained in its walkway.  In exercise of ordinary care, it could and should have removed the electrical device, replaced it with one more nearly level with the floor or arranged its display over the device so it would not be a hazard.

2.   Georgia Safety Fire Commission Regulation 120-3-.20-.16.   Regulations require, <u>inter alia</u>, that change in level on floor surfaces greater than one-half (1/2) inch must be accompanied by a ramp.  Belk violated their safety regulation.

3.   American National Standard Institute (ANSI) A117 Rule 303.04 is the same requirement concerning floor levels and protrusions as the above Georgia regulation.

4.   American Society of Testing and Materials Institute (ASTMI) Standard F1637-95 (Standard Practice for Safe Walking Surfaces).   This is the same requirement as Georgia Regulation and ANSI regulation.

DAMAGES:   The damages to the Plaintiff by reason of violation of the statute and regulations is $38,570.70 past medical expenses; $4,356.75 past lost wages; also future medical expenses and lost earnings; Pain and suffering past and future; loss of bodily function and loss of consortium.

11.    **In tort cases, any party bearing a burden of proof shall list each and every act of negligence or intentional tort relied upon.**

<u>**PLAINTIFFS**</u>:

(1) Belk failed to meet its obligation imposed by O.C.G.A. § 51-3-1 which imposes upon the owner or occupier of land to use due care to keep its premises safe for invitees/customers since it maintained an electrical device in a walking way which because of its height above the walking surface created a tripping hazard of which Belk actually knew or should have known; Belk's obligation was to make the walkaing surface safe for customers.

(2) Belk maintained on the walking surface of its premises an electrical floor outlet that

extended vertically above the walking surface more than one-half (1/2) inch, which device did not have a ramp, in violation of the Georgia Safety Fire Commission regulations, Chapter 120-3-20-.16, and ANSI A117.1 Standard, § 303.4, and ASTMI Standard F1637-95.

(3) Belk negligently failed to remove the electrical floor outlet or replace it with another and readily available box which would be level or nearly level with the floor and, thereby, remove the hazard or cover it so it would not be in the walking area.

(4) Belk failed to have or implement a safety inspection or program to properly note and appreciate the hazard presented by the electrical outlet device to customers and is, therefore, charged with actual knowledge of the hazard.

**(a) Under a separate heading, state all relevant statutes, rules, regulations and ordinances allegedly violated. Also recite any supporting authority.**

O.C.G.A. § 51-3-1  Premises Liability
O.C.G.A. § 51-1-9  Consortium Loss
Georgia Safety Fire Commission Regulations, Chapter 120-3-20-.16
ANSI A117.1 Standard, § 303.4
ASTMI Standard F1637

**DEFENDANT**:

Defendant contends Plaintiff Hollie Wiggins was contributorily and comparatively negligent by failing to see and avoid the open and obvious floor-mounted electrical outlet upon which she allegedly rolled her ankle. Defendant refers the Court to its Brief and Reply Brief in Support of Motion for Summary Judgment for a list of authorities.

**(b) List all items of damages claimed or non-monetary relief sought.**

PLAINTIFFS SEEK**:**

    a. General damages for past, present, and future pain and suffering.

    b. Special damages consisting of:

| | |
|---|---|
| Past medical expenses | $38,570.50 |
| Past lost wages and miscellaneous expenses | $4,356.75 |

    c. Loss of Consortium

DEFENDANT:

Defendant does not seek recovery of any damages or monetary relief.

**(c)     In all cases involving alleged permanent injuries or death, furnish a full statement as to the age, alleged life expectancy and/or probable duration of the injuries, and earnings, income tax records or other records to prove earnings.**

Plaintiffs have alleged permanent injuries. Mrs. Wiggins is presently 45 years old. Pursuant to Commissioners' 1980 Standard Mortality Table, she has 33.88 expectancy years. It is anticipated that Mrs. Wiggins will continue to have instability of her foot/ankle in the future.

**12.     In contract cases or any other action not addressed in paragraphs 10 or 11, any party having a burden of proof shall outline the particular alleged breach of contract or the basis of any other cause of action, enumerate any applicable statute involved, and detail the damages or relief sought and recite appropriate supporting authority.**

N/A

**13.     If there is any dispute as to agency, state the contentions of the parties with respect to agency.**

There is no dispute as to agency.

14.     **State who has the burden of proof (including any affirmative defenses or special issues) and who has the opening and closing arguments to the jury.**

Plaintiffs have the burden to prove negligence, causation and damages. Defendant has the burden to prove all affirmative defenses, including specifically its contention of Plaintiff's failure to use due care for her own safety. Plaintiffs have the opening and closing arguments to the jury.

15.     **Under this paragraph, both plaintiff(s) and defendant(s) should separately list the witnesses whom each <u>will</u> have present at the trial and those whom each <u>may</u> have present at the trial. Witnesses intended to be used solely for impeachment shall be listed; however, if a party has a genuine reason for not listing and disclosing an impeachment witness, such party may address the Court *ex parte* and seek a ruling as to whether disclosure may be properly withheld. A representation that a party <u>will</u> have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony. If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment to this Order.**

|  |  |
|---|---|
| Plaintiffs <u>will</u> have present at trial: | Hollie K. Wiggins |
|  | Larry F. Wiggins, Jr. |
|  | Dr. Jeffery Willers (by video deposition) |
| Plaintiffs <u>may</u> have present at trial: | Dean Phillips |

                                                             Sanford W. Foskey
Frank Jones
Margaret V. Knox
Nicholas J. Laybourn
April Cullen
Sandra Wiggins
Jon Wiggins

Plaintiffs may call or will call any witnesses listed by Belk.

Defendant <u>will</u> have present at trial: None

Defendant <u>may</u> have present at trial: Any "will call" or "may call" witness listed by Plaintiffs; Hollie K. Wiggins; Larry F. Wiggins, Jr.; Margaret V. Knox; Kim Knox; Robbie Knox; Jeffrey Willers, M.D.; John Dalton, M.D.; Martha Norris, M.D.; April Cullen; Anne Marie Gleason; Theresa Miller; Sonya Dodson; Kim Milligan; John Wiggins; Sandra Wiggins; Dean E. Phillips, P.E; Frank Jones; Erin MacGrady; Phyllis Mayfield; Sanford Foskey; Ken Browning; and Alan O. Campbell, P.E.

Defendant objects to any attempt by Plaintiffs to use any witness not disclosed in discovery and to any expert witness for whom a complete Rule 26(a)(2) report was not timely provided as required by LR 26.1 and the applicable Scheduling Order.

**NOTE: COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK THREE COPIES OF THE TYPED WITNESS LIST AT THE PRETRIAL CONFERENCE.**

    **16.** **All documents and physical evidence that may be tendered at the trial shall be exhibited to and initialed by opposing parties <u>prior to the pretrial conference</u>. All evidence shall be marked by the parties prior to the pretrial conference, and <u>the parties are encouraged to submit a joint exhibit list on a form supplied by the Clerk</u>. If separate exhibit lists are submitted, they shall be submitted on the forms supplied. Duplications of exhibits should be avoided to the extent practicable. Exhibit lists should be submitted to the Court at the pretrial conference. The material therein shall be identified as follows:**

        **(a)** **A list of documents and physical evidence submitted as joint exhibits.**

None

        **(b)** **Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the plaintiff(s). Copies of such exhibits shall be provided to counsel for each other party.**

**Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference. <u>Items not objected to will be admitted</u>**

**when tendered at trial.**

**(c)    Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the defendant(s).  Copies of such exhibits shall be provided to counsel for each other party.**

**Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference.  Items not objected to will be admitted when tendered at trial.**

**(d)    Any document or other physical evidence listed by any party and not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party, in the event the listing party does not actually offer it into evidence.**

**(e)    The foregoing shall not be deemed or construed to expand or limit the rules relating to the admissibility of evidence generally.**

**NOTE:    COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK THREE COPIES OF THE TYPED WITNESS LIST AT THE PRETRIAL CONFERENCE.  All exhibits shall be cross-initialed by the attorneys for the parties and properly tagged as required by the Local Rules of this District.  This cross-initialing procedure shall be completed when counsel meet to confer on the preparation of the pretrial order.**

**17.    List all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered.  All objections by opposing parties to any portions of the deposition(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis therefor.**

**(a)    Prior to trial, counsel shall confer to eliminate all extraneous, redundant, and unnecessary matter, lapses, and colloquy between counsel in the deposition excerpts.  Counsel shall also attempt to resolve all objections to deposition testimony to be offered.**

**(b)    The parties shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits.**

Dr. Jeffrey D. Willers' Deposition scheduled for February 29, 2012.
Dr. Willers is Mrs. Wiggins' treating physician.  No other depositions are expected to be used, subject to necessity.

**18.    Each party shall separately provide a memorandum of authorities as to any**

**questions of law likely to arise at the trial, including the merits of plaintiff(s) claim, defenses asserted, matters of evidence, etc.**

The parties have attached memoranda of authority. Both parties refer the Court to their previously filed briefs regarding Summary Judgment and the <u>Daubert</u> Motion.

**19.     Plaintiffs' counsel estimates one day to present Plaintiffs' case; Defendant's counsel estimates one-half day to present the Defendant's case.**

Plaintiffs' estimate does not include jury selection.

**20.     Plaintiff  __X__  has  ____  has not offered to settle.
Defendant  __X__  has  ____  has not offered to settle.**

**It appears at this time that there is**
**  ____    A good possibility of settlement.
  __X__  Some possibility of settlement.
  ____    No possibility of settlement.**

**The parties*  __X__  do  ____  do not wish to confer with the Court regarding settlement.**

**\*** <u>Plaintiffs</u> request conference with the Court if mediation scheduled for February 15, 2012 is not successful.

<u>Defendant</u> does not request such conference.

**21.     State any other matters which should be covered by pretrial order, including rulings desired of the Court prior to trial.**

N/A

22.     **State whether or not the issues of liability and damages should be tried separately (bifurcated) and give any other suggestion toward shortening the trial. Where bifurcation is opposed by any party, such party shall state the reasons for such opposition.**

No.

23.     **In cases where either party requests bifurcation of issues or a special verdict, submit a copy of the proposed verdict as PLAINTIFF'S ATTACHMENT "C" and DEFENDANT'S ATTACHMENT "C" hereto. Lead counsel are to discuss and agree on such special verdict where possible. Where agreement is not reached, state the basis for any objections to the special verdict request.**

N/A

24. **In non-jury cases, the parties shall each file the original and two (2) copies of their proposed findings of fact, summary of depositions, and conclusions of law not later than one week prior to the assigned trial date.**

N/A

25. **The final proposed pretrial order shall be signed by counsel for each party and shall contain a final paragraph, as follows:**

This 15th day of February, 2012.

Submitted by:

HUNTER MACLEAN EXLEY & DUNN, P.C.

*/s/ Arnold C. Young*_____
Arnold C. Young
Attorney for Plaintiffs

HICKS, CASEY & FOSTER, P.C.

*/s/ William T. Casey*_____
William T. Casey
Erica Morton
Attorney for Defendant

**IT IS HEREBY ORDERED that the foregoing constitutes a PRETRIAL ORDER in the above case(s), that it supersedes the pleadings which are hereby amended to conform hereto and that this PRETRIAL ORDER shall not be amended except by ORDER OF THE COURT.**

_____
UNITED STATES DISTRICT JUDGE